**In re Aletha Frachelle WITHERSPOON, Debtor.**

**No. 97–12178.**

United States Bankruptcy Court, S.D. Alabama.

Jan. 9, 2001.

John A. Lockett, Jr., Selma, AL, for Debtor.

Christopher Kern, Mobile, AL, for Nissan Motor Acceptance Company.

### ORDER GRANTING IN PART DEBTOR'S MOTION FOR TURNOVER OF FUNDS

MARGARET A. MAHONEY, Chief Judge.

This case is before the Court on the motion of the debtor, Aletha Witherspoon,

to require Nissan Motor Acceptance Corporation (NMAC) to turn over some or all of the insurance proceeds paid to the Chapter 13 trustee in this case. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons given below, the Court is granting the motion in part and ordering the trustee to pay to the debtor all sums received from State Farm Insurance Company which exceed the secured and unsecured claim amounts to be paid to INMAC under the debtor's confirmed chapter 13 plan.

## FACTS

The Court already issued an oral ruling in this case on January 4, *2001*, which is incorporated by reference. That ruling concluded that the trustee was to pay to NMAC as much of the insurance proceeds the chapter 13 trustee was holding as would be required to pay off the allowed secured claim of NMAC as provided for in the debtor's confirmed chapter 13 plan.

The remaining issue is whether the remainder of the funds should be paid to NMAC in satisfaction of its entire unsecured claim or whether 1% of the unsecured claim should be paid (as provided in the confirmed chapter 13 plan) and the remainder of the proceeds paid to the debtor. The insurance proceeds resulted from an accident which "totalled" Ms. Witherspoon's car.

She was insured by State Farm Insurance Company. The policy listed her as owner and State Farm as loss payee. The policy states that, in the event of a loss, "if a creditor is shown in the declarations, the insurance will be paid to... you [the insured] and such creditor, as its interest

may appear, when we find it is not practical to repair your car." NMAC also had, pursuant to the sales agreement, a security interest in the insurance proceeds.

## LAW

■ The question at issue is whether Aletha Witherspoon has any interest in the insurance proceeds or whether the insurance belongs to NMAC. If the insurance is not property of Ms. Witherspoon's estate, then NMAC has title to and can use the funds to pay off its entire debt. An Eleventh Circuit case, *Ford Motor Credit Co. v. Stevens (In re Stevens)*, 130 F.3d 1027 ( 11th Cir.1997), is on point. It held that the proceeds of an auto insurance policy were property of the debtor's estate in a nearly identical situation. The Court stated:

> Where the debtor has an interest in the insurance proceeds.., the proceeds are considered property of the bankruptcy estate and distribution of the proceeds is governed according to the terms of the bankruptcy plan. The policy at issue in this case is intended to protect both the owner and the secured creditor in the event of the destruction of the security (the truck).... Ford's interest in the insurance proceeds flowing from the destruction of the secured collateral is only as great as its interest in the collateral itself

*Id.* at 1029. The same is true in this case. NMAC as loss payee is to be paid, according to the State Farm policy, "as its interest may appear." The policy does not establish the loss payee as the owner of the proceeds, only a party with an interest in them. The policy appears to contemplate a joint payment arrangement which would let the insured and loss payee sort out their interests. The debtor, Aletha Witherspoon, by the insurance policy language, retained an interest in the insur-

ance which makes the insurance property of her estate. A bankruptcy court decision, *In re Suter*, 181 B.R. 116 (Bankr. N.D.Ala.1994), also holds that insurance proceeds, where payable jointly to the insured and creditor, may be property of the debtor's estate. *Id.* at 119 n. 3.

The fact that NMAC has a security interests in the proceeds does not change this result. A security interest can only attach to the extent of the value of the collateral. Therefore, the value of the vehicle before the accident is the value of the security interest. NIVIAC cannot claim a greater interest in the insurance proceeds than it had in the collateral when its interest is as a lienholder. *Id.* at 120.

Both the Stevens case and the Suter case hold that the creditors' interest in insurance proceeds is limited to the amount to be paid to the creditor under a debtor's confirmed plan. In this case, that sum is the remainder of the secured claim and 1% of the unsecured claim. Upon that payment, the debt to NMAC will be paid in full and a discharge of the debtor from liability on the remainder of the debt is appropriate.

THEREFORE, IT IS ORDERED:

1. The chapter 13 trustee shall pay to Nissan Motor Acceptance Corporation a sum sufficient to pay the creditor's secured claim in full and 1% of its unsecured claim.

2. The remainder of the proceeds, if any, shall be paid to the debtor.