**In re Shannon BAILEY and Christy L. Bailey.**

No. 00–12298.

United States Bankruptcy Court, N.D. Mississippi.

Aug. 31, 2004.

C. Gaines Baker, Batesville, MS, for Debtor.

William Davis, Attorney at Law, Pope, MS, for Trustmark National Bank.

Todd Johns, Office of Chapter 13 Trustee, Jackson, MS, for Locke D. Barkley, Chapter 13 Trustee.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion to determine the disposition of insurance proceeds filed in this case by Trustmark National Bank ("Trustmark"); a response thereto having been filed by Locke D. Barkley, the Chapter 13 trustee, ("trustee"); no response having been filed

by the debtors; and the court, having heard and considered same, finds as follows, to-wit:

## I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), and (O).

## II.

In August, 1999, the debtor, Shannon D. Bailey, purchased a 1999 Ford Escort automobile from Hallmark Ford, LLC. Pursuant to the terms of the combined promissory note/security agreement (hereinafter "contract"), the debtor agreed to pay Hallmark $13,923.75, plus interest over 60 months, for a total sum of $17,454.60. To secure payment of the debt, the debtor granted Hallmark a security interest in the vehicle. The terms of the contract provided, *inter alia*, that the debtor assigned to Hallmark, as the seller, and its assigns, all monies payable under the property insurance required to be maintained on the collateral. The contract was subsequently assigned for value by Hallmark to Trustmark.

On May 30, 2000, the debtors filed a Chapter 13 petition, and on August 7, 2000, a Chapter 13 plan was confirmed. Pursuant to the confirmed plan, the claim of Trustmark was "crammed down" based on the value of the vehicle. The plan provided that Trustmark's allowed secured claim was $8,475.00, which was to be paid over the life of the debtors' forty-eight month plan plus interest at the contract rate of 9.25%. The remaining $4,753.71 balance of the debt owed to Trustmark was classified as an unsecured claim. Since there was no income available after the payment of monthly living expenses, the plan provided that no payments would be made on unsecured claims.

On October 19, 2003, the vehicle sustained collision damages after being involved in an accident. After an investigation by the insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), the vehicle was declared to be a total loss. Thereafter, a check in the amount of $3,847.00, made payable to Shannon Bailey, Trustmark, and the Chapter 13 trustee, was submitted to the trustee's office. As a result of the total amount of Chapter 13 plan payments made by the debtors, the insurance proceeds exceeded the remaining balance due on Trustmark's *secured* claim. The trustee and Trustmark both agreed that the balance of the *secured* portion of Trustmark's claim should be paid from the insurance proceeds. Accordingly, $976.51 was paid to Trustmark pursuant to an order entered on July 6, 2004.

In its motion, Trustmark contends that it should receive the remaining balance of the insurance proceeds (approximately $2,870.49) to apply to its unsecured deficiency claim, which was being paid zero through the debtors' plan. In her response, the trustee asserts that the insurance proceeds represent property of the bankruptcy estate, which should be distributed on a pro rata basis to all unsecured creditors filing claims in the case.

## III.

The threshold issue is whether the insurance proceeds are property of the bankruptcy estate. Section 541(a)(1)[1] provides that the bankruptcy estate shall

---

1. All statutory citations are to the United States Bankruptcy Code unless otherwise indicated.

include "all legal or equitable interest of the debtor in property as of the commencement of the case." Section 541(a)(6) provides that the estate also includes "[p]roceeds ... of or from property of the estate." In a Chapter 13 case, § 1306 extends the concept of "property of the estate" to include all property of the kind listed in § 541(a) that the debtor acquires after the commencement of the case until the case is closed, dismissed, or converted.

■ The property of the estate provisions of § 541 are intended to be broad in scope. *See, United States v. Whiting Pools, Inc.,* 462 U.S. 198, 204–205, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983). Generally, an insurance policy owned by a debtor is considered to be property of the estate. *In re Edgeworth,* 993 F.2d 51, 55 (5th Cir.1993). However, a determination of whether the proceeds of such a policy are property of the estate requires an examination of the agreement entered into between the parties.

The question of whether insurance proceeds of a policy owned by a debtor are property of the estate was examined by the Fifth Circuit Court of Appeals in *In re Equinox Oil Company, Inc.,* 300 F.3d 614 (5th Cir.2002). The court's comments on the issue are set forth as follows:

> Two cases in this circuit have addressed this question: *In re: Edgeworth,* and *In re Louisiana World Exposition, Inc.,* 832 F.2d 1391 (5th Cir.1987). These cases are consistent in their approach. The central question when determining whether insurance proceeds associated with a policy are property of the bankruptcy estate is whether, in the absence of the bankruptcy proceeding, the proceeds of the policy would belong to debtor when the insurer pays a claim. *Id.* For example, in *In re: Louisiana World Exposition, Inc.,* 832 F.2d 1391 (5th Cir. 1987), this court held that the proceeds

of a directors and officers liability policy were not part of the bankruptcy estate of Louisiana World Exposition, Inc. The exposition had purchased insurance policies providing liability coverage to its officers and directors for liabilities and related legal expenses they might incur in relation to their service to the corporation. The policies also provided indemnification to LWE to the extent it might be required to indemnify the directors or officers for such legal expense or liability. The directors and officers, not LWE, the debtor, were the insureds under the policy. The court concluded that the debtor had no ownership interest whatever in the proceeds of the liability coverage as the obligation of the insurance companies was only to the directors and officers who were the only insureds.

> A similar situation was addressed in *In re Edgeworth,* 993 F.2d 51 (5th Cir. 1993), which involved ownership of proceeds of a medical malpractice insurance policy. A plaintiff sued for medical malpractice seeking recovery from Dr. Edgeworth's insurance carrier after the debtor (the insured under the policy) had been discharged. The question was whether the discharge acted to bar the suit if the plaintiff agreed to foreswear recovery from the debtor personally and to look only to the policy proceeds. Finding that release of the debtor did not affect the liability of the insurer, the court considered whether the insurance proceeds were property of the estate. It stated:

> > The overriding question when determining whether proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim. When a payment by the insurer cannot inure to the debtor's

pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate.

*Id.* at 55–56. The opinion gave as examples of insurance policies whose proceeds are property of the estate, casualty, collision, life and fire insurance policies in which the insured debtor is a beneficiary. The opinion contrasted liability policies, proceeds of which would ordinarily be payable only for the benefit of those harmed by the insured debtor under the terms of the insurance contract. *Id.* at 56. The court also observed that Dr. Edgeworth had not made a claim on the proceeds of his medical malpractice liability policy and the proceeds could not be payable to creditors other than victims of medical malpractice and their relatives. For these reasons, the court concluded that proceeds of Dr. Edgeworth's liability policy were not property of the Chapter 7 estate. *See also, In re Vitek, Inc.*, 51 F.3d 530 (5th Cir.1995).

Commentary on this issue is consistent with the position taken in these two opinions. *Collier Bankruptcy Manual,* at section 541.11, notes that "[i]t is well established that money payable as the proceeds of a fire policy taken out before bankruptcy for the debtor's benefit does not arise from the property, but from a personal contract between insurer and insured." Accordingly, the proceeds of such a policy are property of the estate rather than awarded to a creditor holding a lien on the property, in the absence of a "loss payable" rider or other contractual modifications.

*In re Equinox Oil Company, Inc.,* 300 F.3d 614, 618–19 (5th Cir.2002).

■ The final sentence of the above excerpt from *Equinox Oil Company,* is critical to the analysis of the matter presently before this court.[2] Generally, the proceeds from a fire policy or other casualty type policy which pays the insured debtor for a loss sustained, are property of the bankruptcy estate. However, this general rule does not apply if a "contractual modification" dictates otherwise. A review of the contract signed by the debtor, in this case, Shannon D. Bailey, contains the following language under the heading of "Security Interest": "Buyer hereby assigns to seller and its assigns all monies payable under the property insurance required or purchased herein ..." In the opinion of the court, this is a contractual modification which dictates that the general rule should not apply.

In the absence of the bankruptcy filing, the debtor would clearly have no legal right to the insurance proceeds. Although the debtor is the named insured, the right to receive proceeds flowing from a claim was effectively assigned to Trustmark. Accordingly, the court finds that in keeping with the above referenced Fifth Circuit authorities, the insurance proceeds at issue in this case are not property of the estate, but are payable to Trustmark as the contract assignee.

By way of comparison, the court notes the case of *In re Witherspoon,* 281 B.R. 321 (Bankr.S.D.Ala.2001), which is nearly factually identical to the matter before this court. In *Witherspoon,* a Chapter 13 debtor "totaled" her car and filed a motion

**2.** The court recognizes that *In re Equinox Oil, In re Edgeworth,* and *In re Louisiana World Exposition* are factually distinguishable from the matter presently before the court because they are not Chapter 13 cases. Nevertheless, the legal analysis contained in the opinions is applicable to the precise issue presently before this court.

for turnover of the insurance proceeds that the insurance company had paid to the trustee. Judge Margaret A. Mahoney overruled the debtor's motion and, based on Eleventh Circuit authority, concluded that the insurance proceeds were property of the bankruptcy estate. However, the insurance contract in question provided that the insured and the secured creditor would be paid "as its interest may appear." The debtor was found to have an interest in the insurance proceeds because there was no definitive pre-petition assignment language in the Witherspoon contract similar to that contained in the contract at issue before this court.

Finally, the court would note that the debtors herein failed to respond to Trustmark's motion and otherwise made no attempt to assert a personal claim to the insurance proceeds. Since the confirmed Chapter 13 plan provided for no payments to unsecured creditors, it would seem that the debtors would at least have asserted a claim to the balance of the insurance proceeds remaining after the payment of Trustmark's secured claim. Their failure to make such a claim supports this court's view that they recognized that they had relinquished any legal claim to the proceeds through the assignment contained in the contract.

## IV.

Based on the foregoing analysis, the court finds that the balance of the insurance proceeds remaining after payment of the Trustmark secured claim, and which are presently held by the Chapter 13 trustee, are not property of the debtors' bankruptcy estate and should be distributed to Trustmark. An order will be entered accordingly.